# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| M PAUL WEINSTEIN,<br><br>  Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA LLC, et al.,<br><br>  Defendants. | Case No. 2:20-cv-00550-RFB-DJA<br><br>**REPORT AND RECOMMENDATION** |

Presently before the Court is pro se Plaintiff M Paul Weinstein's Motion for Leave to Amend Complaint Based on Newly Discovery Evidence (ECF No. 19), filed on November 9, 2020. Defendants filed a Response (ECF No. 20) and Joinder (ECF No. 21) on November 20, 2020. Plaintiff filed a Reply (ECF No. 22) on November 30, 2020. The Court finds this matter to be properly resolved without a hearing. LR 78-1.

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and

excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

Plaintiff seeks to amend the Complaint because he claims that since he filed the Complaint, Defendants have made false and misleading entries on his financial account with BMW including that he has not made any payments. (ECF No. 19). He argues that Defendants will suffer no prejudice if the amendment is permitted to proceed. Defendants respond that there are fully briefed motions to compel arbitration and stay the case for the District Judge to decide. (ECF No. 20). As such, Defendants contend that the motion for leave to amend should be denied as Plaintiff can seek to amend once the case is transferred to arbitration. Plaintiff replies that he no longer agrees to a stay of the case and wants to proceed with the amendment. (ECF No. 22).

The Court is not persuaded that the new allegations that Plaintiff claims were discovered after filing the Complaint are sufficient to overcome the futility of amendment. In fact, the Court notes that the motion to compel arbitration is ripe for the District Judge's decision. To the extent that it is granted, then Plaintiff's amendment request in court is futile because this entire matter will move to arbitration. According, the Court will recommend that Plaintiff's request to amend the Complaint be denied as futile.

///

///

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff M Paul Weinstein's Motion for Leave to Amend Complaint Based on Newly Discovery Evidence (ECF No. 19) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 4, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE